Matter of Rosenthal.

# N. Y. SURROGATE'S COURT.

## In the Matter of the Estate of CAROLINE ROSENTHAL.

*Constitutional law — Surrogates — Chapter 394, Laws of 1870, unconstitutional.*

Chapter 394 of the Laws of 1870, entitled "An act to confer additional powers upon surrogates and to authorize an examination as to the effects of deceased persons," is unconstitutional, inasmuch as sections 5 and 6 thereof are clearly unconstitutional and the act indivisible.

*August,* 1880.

*Fraser & Minor,* attorneys for estate.

*Joseph Bellesheim,* attorney, and *A. C. Anderson,* of counsel, for witness.

CALVIN, *Surrogate.* — The administrator of this estate, upon the usual affidavit that Jones Weil has possession of property belonging to the estate of decedent, instituted an inquiry under chapter 394, Laws of 1870, and procured a subpœna requiring said Weil to attend and testify touching the goods, chattels and effects of decedent, which appears to have been duly served upon him. On the return day he appeared by counsel and objected to the further proceeding and moved to dismiss the same on the ground that the law under which the subpœna was issued was unconstitutional, and cited *Matter of the Estate of Beebe* (vol. 10, *No.* 7, *N. Y. Weekly Dig.,* 161), in which it is held that the act aforesaid is unconstitutional because it enabled an administrator or executor to obtain possession of property claimed by him, without such trial as is recognized by the Constitution and the ordinary forms of judicial proceedings. A similar statute relating to the powers of the public administrator, and found in 3 Revised

Statutes (*6th ed., section* 8, *&c.*), and which, as early as 1855, came under consideration of the late learned surrogate BRAD-FORD, of New York, in the *Public Administrator* agt. *Ward* (3 *Brad.*, 244), when it was held where deceased had no possession of the property at his death, or twenty days previous, and no advantage had been taken by attendants, but the claim was adverse to him in his lifetime, the statute was not intended to apply; and yet the learned surrogate said, at page 247, "the provision restraining the issue of the warrant, if a bond be given, of course implies that a warrant may issue when there is an adverse claimant." Notwithstanding that opinion of judge BRADFORD, it has been the uniform practice of the present surrogate under that statute, as under chapter 394 and section 7 of chapter 359 of the Laws of 1870, to deny the warrant when on examination there appeared to be an adverse claim to the property; that the act was not a substitute for the action of replevin, and, as thus administered, neither of those acts appear to be, in letter or spirit, a violation of the Constitution. But if judge BRADFORD was right in holding that the act contemplated the issuing of the warrant in the absence of the bond, though there was an adverse claim, the decision *In the Matter of Beebe,* above cited, would seem to be correct. At first thought it occurred to me that the proceeding was analogous to the provisional remedy of replevin under the Code, but then the property is seized by the sheriff in a suit thereby commenced in which the usual defense may be made, and trial by jury had, after the plaintiff has given security to protect the rights of the defendant, while by the act under consideration, as interpreted by the general term of the third department and by judge BRADFORD, the defendant, in order to secure his defense according to the usual practice and trial by jury, must give security in order to retain the property claimed by him, which he may be unable to do, and in that respect the analogy fails. It is, however, entirely apparent that it would greatly facilitate the administrator or executor of an estate in procuring possession of its effects, to

provide for such a subpœna and examination, and to put the person in possession to the responsibility, under oath, of stating any claim he may have to it, and if he shall admit possession without right as against the estate, to afford the speedy and inexpensive remedy of a warrant for its seizure and delivery.

Out of respect for the authority of the general term the proceedings must be dismissed.